IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD., formerly known as INTELSAT UK, LTD.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY OF YUGOSLAV POSTS TELEGRAPHS AND TELEPHONES<br><br>　　　　　Defendant. | Civil Action Number<br>1:06CV00897 (RWR)<br><br>Hon. Richard W. Roberts |

DECLARATION OF ŽIVOJIN MATEJIĆ
IN SUPPORT OF DEFENDANT COMMUNITY OF YUGOSLAV POSTS
TELEGRAPHS AND TELEPHONE'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, COMPEL ARBITRATION

I, Živojin Matejić, hereby declare as follows:

1.　　I am the Assistant Director General for Economic Affairs for the Community of Yugoslav Posts Telegraphs and Telephones ("CYPTT") and a resident of Serbia.

2.　　I make this declaration in support of CYPTT's Motion to Dismiss. In that regard, I have reviewed and am personally familiar with the complaint in the above-captioned case and CYPTT's relevant records. I make this declaration on the basis of personal knowledge.

3.　　CYPTT is a Serbian Business Association registered with the Business Registers Agency of the Republic of Serbia. Attached hereto as Exhibit 1 is a true and correct copy of CYPTT's Business Entity Registration. Attached hereto as Exhibit 2 is a true and correct copy of an unofficial translation of CYPTT's Business Entity Registration.

4.      Under Serbian law, a Business Association is an association among separate business entities or companies.

5.      The six member companies of CYPTT are Telekom Srbija; Telekom Montenegro; Jugomarka; the Postal Savings Bank; the Posts Telegraphs and Telephones Traffic Enterprise of Srbija; and the Post of Montenegro.

6.      The members of CYPTT are the only owners of CYPTT.

7.      CYPTT's purpose is to coordinate efficient communication between the various members companies to aid the regular and uninterrupted functioning of postal and telecommunications traffic.  CYPTT operates to make a profit for its members.

8.      CYPTT does not encompass every telecommunications company in Serbia and Montenegro.  Telecommunications companies such as Mobtel, ProMonte, and Monet operate in Serbia and Montenegro but are not members of and are not governed by CYPTT.

9.      On the day the Complaint was filed, May 11, 2006, Serbia and Montenegro were a single, federated state.  Thereafter, on May 21, 2006, Montenegro voted to leave the federated union.  On June 3, 2006, the Parliament of Montenegro formally declared Montenegro's independence, creating two separate states, the Republic of Serbia and the Republic of Montenegro.

10.     The government of Serbia and Montenegro was not a member of CYPTT.  The Republic of Serbia likewise is not a member of CYPTT.

11.     CYPTT was not an agency of the government of Serbia and Montenegro.  The foundational law of the Government of Serbia and Montenegro was the Constitutional Charter of Serbia and Montenegro.  The Constitutional Charter of Serbia and Montenegro was implemented by the Law Implementing the Constitutional Charter of Serbia and Montenegro.

The Law Implementing the Constitutional Charter of Serbia and Montenegro listed all agencies of the government of Serbia and Montenegro. CYPTT was not listed and was not a governmental agency. Likewise, CYPTT is not an agency of the government of the Republic of Serbia.

12. The government of Serbia and Montenegro did not have any direct ownership interest in CYPTT. Likewise the Republic of Serbia does not have any direct ownership interest in CYPTT.

13. CYPTT is a self-regulating organization; it does not enact laws or legislate beyond its membership.

14. The Republic Telecommunications Agency in Serbia and the Agency for Telecommunications in Montenegro are solely responsible for governmental regulation of telecommunications for Serbia and Montenegro.

15. CYPTT did not receive funds from the government of Serbia and Montenegro and does not today from the government of the Republic of Serbia. CYPTT is funded exclusively by its member companies, and CYPTT distributes all profits exclusively to its member companies.

16. CYPTT is a tax-paying entity, and at the time the Complaint was filed was paying taxes to the government of Serbia and Montenegro.

17. CYPTT's employees are hired and paid by CYPTT; they are not employees of the state.

18. The commercial arrangements at issue in this case are contracts between CYPTT and Intelsat Global Sales and Marketing, Ltd. ("Intelsat"), a United Kingdom corporation, for the provision of communication services in Serbia.

19. Attached hereto as Exhibit 3 is a true and correct copy of the Novation Agreement, which is cited in paragraphs 5-9 of the Complaint and attached to the Complaint as Exhibit 1 in incomplete form. CYPTT did not negotiate with Intelsat regarding the terms of the Novation Agreement and did not participate in the drafting of the Novation Agreement.

20. The Service Terms and Conditions, a contract which pre-dated the Novation agreement, is attached to the Novation Agreement as Attachment 2. The Service Terms and Conditions governs the Service Contracts referenced in paragraphs 5-9 of the Complaint in this case.

21. CYPTT does not now have and never has had an office in the United States.

22. CYPTT does not have an agent, representative, or agent for service of process in the United States.

23. CYPTT does not own any property located in the United States.

24. CYPTT does not maintain a bank account in the United States.

25. No CYPTT employees reside or work in the United States.

26. CYPTT employees do not routinely make business trips to the United States.

27. CYPTT does not maintain a United States phone number.

28. CYPTT does not actively advertise or solicit business in the United States.

29. With the exception the above captioned matter, CYPTT has not sued or been sued in the United States.

30. All relevant documents and other evidence related to this dispute in the possession of CYPTT are located in Serbia.

31.    None of CYPTT's employees, who may be potential witnesses of CYPTT, is located in the United States and, to my best knowledge, none of CYPTT's former employees, who may be potential witnesses of CYPTT, is located in the United States either.

32.    If CYPTT were forced to litigate this matter in the United States, CYPTT would face substantial hardship arising from of the expense and administrative burdens associated with litigating this case in an unfamiliar judicial system at a great distance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16 day of October, 2006.



Živojin Matejić