IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT GLOBAL SALES AND MARKETING, LTD., formerly known as INTELSAT UK, LTD., <br><br> Plaintiff, <br><br> v. <br><br> COMMUNITY OF YUGOSLAV POSTS TELEGRAPHS AND TELEPHONES <br><br> Defendant. | **Civil Action Number 1:06CV00897 (RWR)** <br><br> Hon. Richard W. Roberts |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR ORAL HEARING**

Defendant Community of Yugoslav Posts Telegraphs and Telephones ("CYPTT")

submits this response to Plaintiff's Motion For Oral Hearing ("Motion for Hearing")

regarding Defendant Community of Yugoslav Posts Telegraphs and Telephones Motion

to Dismiss the Complaint or, in the Alternative, Compel Arbitration ("Motion to Dismiss

or Compel Arbitration").

Plaintiff Intelsat Global Sales and Marketing, Ltd. ("Intelsat")is a United

Kingdom corporation that provides satellite services around the world. Complaint ¶1.

CYPTT is a non-public association of certain communications service providers in Serbia

and Montenegro. Declaration of Zivojin Matejic In Support of Defendant Community of

Yugoslav Posts Telegraphs and Telephones' Motion to Dismiss or, in the Alternative,

Compel Arbitration ¶¶3, 5. Intelsat alleges that CYPTT breached a set of form contracts

by failing to pay invoices issued in the United Kingdom for satellite services purportedly

provided by Intelsat to CYPTT in Serbia and Montenegro. Complaint ¶¶ 5-8. Intelsat

1292026.1

alleges that this Court has subject matter jurisdiction over these claims pursuant to the

Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. ("FSIA"), because, it

claims, CYPTT is an agent or instrumentality of a foreign government. Complaint ¶¶ 2-

3. In this dispute between two foreign entities over the alleged provision of

telecommunications services abroad, the FSIA is the only basis for subject matter

jurisdiction asserted.

On November 28, 2006, CYPTT moved to dismiss the complaint pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) and the doctrine of *forum non*

*conveniens*, or, in the alternative, to compel arbitration under the contracts governing the

dispute. Motion to Dismiss or Compel Arbitration at 1. Among other grounds for

dismissal, CYPTT demonstrated that it was not an agency or instrumentality of a foreign

government, and therefore that there could be no subject matter jurisdiction under the

FSIA. Id. at 12-16.

On December 27, 2006, Intelsat filed its opposition to CYPTT's motion to

dismiss or, in the alternative, compel arbitration. CYPTT's reply is due on January 16,

2007.

CYPTT respectfully suggests that the Court should consider the parties' briefing

before determining whether a hearing on the Motion to Dismiss or Compel Arbitration is

necessary. Once the Court reviews the papers, it will become clear that, among other

grounds for dismissal, Intelsat has provided no relevant evidence to support its claim that

the Court has subject matter jurisdiction over this dispute, and therefore will conclude

that the complaint should be dismissed pursuant to Federal Rules of Civil Procedure

12(b)(1).

1292026.1

For the foregoing reasons, CYPTT requests that the Court consider the motion papers before determining whether an oral hearing on the Motion to Dismiss or Arbitrate is necessary.

Dated: January 10, 2007

Respectfully submitted,

COMMUNITY OF YUGOSLAV POSTS TELEGRAPHS AND TELEPHONES

By: _____

Kevin B. Clark, D.C. Bar No. 289421
Joseph G. Davis, D.C. Bar No. 441479
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, D.C. 20006
Tel.:    (202) 303-1000
Fax:    (202) 303-2000